UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

────────────────────────────────X

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY<br>a/s/o Blue Ridge Product Solutions, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN PRESIDENT LINES, LLC a/k/a<br>APL CO. PTD, LTD., M/V CMA-CGM J.<br>ADAMS V. OMB4TE1, her engines, boilers, etc.,<br>M/V CMA-CGM J. ADAMS V. OMB4UW1PL,<br>her engines, boilers, etc. and XYZ Corp.,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

────────────────────────────────X

The plaintiff, Hartford Fire Insurance Company, a/s/o Blue Ridge Product Solutions, LLC ("Hartford") complaining of the above-named defendants, alleges upon information and belief:

**JURISDICTION AND VENUE**

1. This action seeks recovery of a claim for damaged and/or loss of freight in transit, which is cognizable as an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and involves application of 46 U.S.C. § 30701 *note* - the Carriage of Goods by Sea Act ("COGSA"), and as such this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question).

2. Venue is proper in the United States District Court, Southern District of New York, pursuant to the **Terms and Conditions Paragraph 32(iii) of the Bill of Lading of the defendant, AMERICAN PRESIDENT LINES, LLC.**

3. Venue is otherwise proper in the United States District Court for the District of New York, since the defendants regularly and systematically conducted business within the State of New York and/or contracted to supply goods or services within the State of New York such that valid service of process was or could have been made on the defendants in this district.

## PARTIES

4. At and during all times hereinafter mentioned, plaintiff, Hartford, was and is a domestic insurance company authorized to conduct business of insurance within the State of New York. Hartford paid the claim of its insured for the loss at issue, and by virtue thereof, is subrogated to the rights of its insured and entitled to bring this action. Hartford is also the Assignee of any and all rights in the claim at issue of Evangel Shipping, Inc., the consignee listed in the applicable APL bill of lading.

5. At and during all times hereinafter mentioned, Hartford's insured/subrogor, Blue Ridge Product Solutions LLC (hereinafter "Blue Ridge Product Solutions") is in the business of manufacturer, importer, and distributor of consumer products, with an office and principal place of business located at 1001 Boulders Parkway, # 560, Richmond, VA 23225. Blue Ridge Product Solutions was at all times material the owner of the cargo at issue and is a "Merchant" for purposes of the APL bill of lading.

6. At all times hereinafter mentioned, AMERICAN PRESIDENT LINES, LLC a/k/a APL CO. PTD, LTD. (hereinafter "APL") is a Singapore company doing business in the United States and has an office and place of business at 1667 K St NW #400, Washington, DC 20006 and is engaged in the business of interstate transportation of goods by ocean and motor carrier, and is an ocean carrier, freight forwarder and/or non-vessel operating common carrier (NVOCC) of

goods for hire. APL issued Bill of Lading No. NPWW002023, dated January 2, 2020, covering the shipment of 2052 cartons of consumer products (the cargo) at issue.

7. At and during all times hereinafter mentioned, defendants APL CO. PTD, LTD., M/V CMA-CGM J.ADAMS V. OMB4TE1, her engines, boilers, etc., M/V CMA-CGM J. ADAMS V. OMB4UW1PL her engines, boilers, etc. had and now have legal status and offices and places of business stated and were are now are engaged in business as common carriers of merchandise by water or land for hire, and owned, operated, managed, chartered and controlled the above-named vessel and/or motor common carrier which actually carried the goods which are the subject of this lawsuit.

8. Upon information and belief, at and during all times hereinafter mentioned, XYZ Corp. was either an ocean carrier, surface carrier, NVOCC, freight forwarder, and otherwise handled, carried or transported the goods, which are the subject of this lawsuit.

**COUNT I**
**(BREACH OF CONTRACT)**
**(DAMAGE)**

9. Plaintiff repeats and realleges each and every allegation in paragraphs 1 – 8, as if fully set forth at length herein.

10. On or before January 2, 2020, the plaintiff's insured, Blue Ridge Product Solutions, entered into a certain contract with the defendant, APL, to provide certain transportation services.

11. Defendant, APL, transported a shipment on behalf of plaintiff's insured, pursuant to the aforesaid contract consisting of consumer products (the "Shipment") from Ningbo China to port of discharge, Norfolk, Virginia.

12. On or about January 2, 2020, the Cargo at issue was tendered to defendants in good order and condition, under Bill of Lading No. NPWW002023.

13. Thereafter, it was determined that the Shipment sustained water damage while in, by the defendant and each of them possession, as consequence of a hole located in the container,

14. Defendants and each of them, failed to deliver the Shipment in good order and condition at destination, in breach of its contract of carriage.

15. The plaintiff sustained damages to the goods in the amount **$15,244.84**.

## COUNT II
## (COGSA)
## (CARRIAGE OF GOODS BY SEA ACT)

16. Plaintiff repeats and realleges each and every allegation in paragraphs 1 – 15, as if fully set forth at length herein.

17. Plaintiff and defendant entered into a contract for ocean carriage pursuant to and subject to COGSA.

18. Defendant breached its contract for ocean carriage by failing to deliver the Cargo in like good order and condition as when received and accepted. and, as a result of which, the Plaintiff has suffered damages.

19. As a result of defendant's conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages as carriers, NVOCCs, and/or freight forwarders pursuant to COGSA, together with interest thereon from the date the shipment was delivered or scheduled to be delivered.

**WHEREFORE,** plaintiff, HARTFORD FIRE INSURANCE COMPANY a/s/o Blue Ridge Product Solutions, LLC, demands judgment against defendants AMERICAN PRESIDENT LINES, LLC a/k/a APL CO. PTD, LTD., M/V CMA-CGM J. ADAMS V.

OMB4TE1, her engines, boilers, etc., M/V CMA-CGM J. ADAMS V. OMB4UW1PL, her engines, boilers, etc. and XYZ Corp., jointly and severally, on each count of the complaint, in the total amount of **15,244.84**, together with pre-judgment and post-judgment interest thereon, an award of reasonable attorney's fees, and costs of suit to be taxed against defendant and for such other and further relief as this court may deem just and proper in this matter.

Dated:  November 30, 2020

                                     */s/ Gerard F. Smith*
                                     Gerard F. Smith, Esq. (GS-1657)
                                     PEZOLD, SMITH, HIRSCHMANN & SELVAGGIO, LLC
                                     One Broadway, Suite 201
                                     Denville, New Jersey  07834
                                     (973) 586-6700
                                     *Attorneys for Plaintiff*